UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY DOUGLAS STEAD,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>B. BIRKHOLZ, Warden,<br><br>　　　　Respondent. | NO. CV 22-5474-FWS (AGR)<br><br>**ORDER TO SHOW CAUSE** |

　　　On August 1, 2022, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241.  For the reasons discussed below, it appears this Court lacks jurisdiction over the Petition.

　　　The court, therefore, orders Petitioner to show cause, on or before ***September 14, 2022***, why this court should not recommend dismissal without prejudice based on lack of jurisdiction.

I.

**SUMMARY OF PROCEEDINGS**

　　　Petitioner is incarcerated at the Federal Correctional Institution in Lompoc, California.

Petitioner's underlying criminal case was filed in the District of South Dakota. *United States v. Stead*, CR 95-30098 (D.S.D.) (hereinafter "South Dakota Criminal Case"). On April 3, 1996, a jury found Petitioner guilty of second degree murder, assaulting a federal officer, using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm. (Dkt. No. 41, South Dakota Criminal Case.) The Eighth Circuit affirmed the judgment. *United States v. Stead*, 1997 U.S. App. LEXIS 3902 (8th Cir. Mar. 6, 1997).

On March 16, 1998, Petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, and an amendment to that motion. (Dkt. Nos. 70, 73, South Dakota Criminal Case.)

On September 3, 1999, the district court denied Petitioner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Stead v. United States*, 64 F. Supp. 2d 1064 (D.S.D. 1999); *United States v. Stead*, 1999 U.S. Dist. LEXIS 14818 (D.S.D. Sept. 3, 1999).

On January 30, 2021, the district court denied Petitioner's motion for compassionate release. 2021 U.S. Dist. LEXIS 20604 (D.S.D. Jan. 30, 2021).

## II.
## **DISCUSSION**

A federal prisoner who challenges the legality of his federal conviction or sentence ordinarily must file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008). A motion under §2255 must be filed in the sentencing court. 28 U.S.C. § 2255; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). By contrast, a federal prisoner challenging the manner, location, or conditions of his sentence must file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where Petitioner is in custody. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973); *Hernandez*, 204 F.3d

at 864.  A federal prisoner may not substitute a § 2241 petition for a § 2255 motion.  *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

A narrow exception exists under § 2255's "savings clause" that would permit a federal prisoner to file a § 2241 petition to challenge a conviction or sentence.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).  A prisoner may proceed under § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (citation omitted).  Section 2255 provides an inadequate or ineffective remedy when the Petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  *Harrison*, 519 F.3d at 959.  "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask . . . (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Petitioner argues that his conviction and sentence under 18 U.S.C. 924(c)(1) must be vacated because his conviction for second degree murder does not qualify as a "crime of violence" after *Borden v. United States*, 141 S. Ct. 1817 (2021).

Petitioner's argument is foreclosed in this circuit by *United States v. Begay*, 33 F.4th 1081 (9th Cir. 2022) (en banc).  The Ninth Circuit applied *Borden* and concluded that "a conviction for second-degree murder pursuant to § 1111(a) constitutes a crime of violence because murder is the unlawful killing of a human being with malice aforethought, *see* 18 U.S.C. § 1111(a), and to kill with malice aforethought means to kill either deliberately or recklessly with extreme disregard

for human life." *Id.* at 1093.  "A § 1111(a) conviction qualifies as a crime of violence because a defendant who acts with the requisite mens rea to commit second-degree murder necessarily employs force 'against the person or property of another,' and rather than acting with ordinary recklessness, the defendant acts with recklessness that rises to the level of extreme disregard for human life." *Id.* The court explained that, whereas criminal homicide constitutes manslaughter when it is committed recklessly, criminal homicide constitutes murder when "it is committed recklessly under circumstances manifesting *extreme indifference to the value of human life*." *Id.* at 1094 (citation omitted).  "[S]econd-degree murder qualifies as a crime of violence pursuant to the elements clause of § 924(c)(3)." *Id.* at 1096.

    The Eighth Circuit has concluded that attempted second degree murder qualifies as a crime of violence.  *See United States v. Matthews*, 25 F.4th 601, 603-04 (8th Cir. 2022).

### III.
### ORDER

    IT IS THEREFORE ORDERED that, on or before **September 14, 2022**, Petitioner shall show cause, if there be any, why this court should not recommend dismissal without prejudice for lack of jurisdiction.

    **If Petitioner fails to timely respond to this order to show cause, the Petition for Writ of Habeas Corpus may be dismissed without prejudice based on lack of jurisdiction.**

DATED: August 15, 2022

                                ALICIA G. ROSENBERG
                              United States Magistrate Judge