1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| BARRY DOUGLAS STEAD, | Case No. 2:22-cv-05474-FWS-AGR |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| B. BIRKHOLZ, Warden, | |
| Respondent. | |

18                              I
             **PROCEDURAL HISTORY**
19

20       On August 1, 2022, Petitioner constructively filed a Petition for Writ of

21  Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C.

22  § 2241.

23

24       On August 15, 2022, the magistrate judge issued an Order to Show Cause

25  ordering Petitioner to show cause on or before September 14, 2022, why this

26  action should not be dismissed without prejudice based on lack of jurisdiction.

27  (Dkt. No. 4.)  Petitioner was warned that if he failed to file a timely response to the

28

                              1

order to show cause, the Petition for Writ of Habeas Corpus may be dismissed without prejudice based on lack of jurisdiction. (*Id.* at 4.)

Petitioner did not file a response to the order to show cause or request an extension of time to do so.  The Supreme Court's subsequent decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), confirms that this Court lacks jurisdiction over the Petition.

## II

## SUMMARY OF PROCEEDINGS

Petitioner's underlying criminal case was filed in the District of South Dakota.  *United States v. Stead*, CR 95-30098 (D.S.D.) (hereinafter "South Dakota Criminal Case").  On April 3, 1996, a jury found Petitioner guilty of second-degree murder, assaulting a federal officer, using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm.  (Dkt. No. 41, South Dakota Criminal Case.)  The Eighth Circuit affirmed the judgment.  *United States v. Stead*, 1997 U.S. App. LEXIS 3902 (8th Cir. Mar. 6, 1997).

On March 16, 1998, Petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, and an amendment to that motion.  (Dkt. Nos. 70, 73, South Dakota Criminal Case.)

On September 3, 1999, the District Court denied Petitioner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *Stead v.*

*United States*, 64 F. Supp. 2d 1064 (D.S.D. 1999); *United States v. Stead*, 1999 U.S. Dist. LEXIS 14818 (D.S.D. Sept. 3, 1999).

On January 30, 2021, the District Court denied Petitioner's motion for compassionate release.  2021 U.S. Dist. LEXIS 20604 (D.S.D. Jan. 30, 2021).

**III**

**DISCUSSION**

A federal prisoner who challenges the legality of his federal conviction or sentence ordinarily must file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *Harrison v. Ollison*, 519 F.3d 952, 954 (9th Cir. 2008). A motion under §2255 must be filed in the sentencing court.  28 U.S.C. § 2255; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).  By contrast, a federal prisoner challenging the manner, location, or conditions of his sentence must file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where Petitioner is in custody.  *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973); *Hernandez*, 204 F.3d at 864.

A federal prisoner may not substitute a § 2241 petition for a § 2255 motion. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) ("Merely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions").

A narrow exception exists under § 2255's "savings clause."  A prisoner may proceed under § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or

3

ineffective to test the legality of his detention.'"  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (citation omitted).

In *Jones*, the Supreme Court rejected the contention that § 2255 was inadequate or ineffective for purposes of the savings clause "when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion."  *Jones*, 143 S. Ct. at 1868.

In the Petition, Petitioner argues that his conviction and sentence under 18 U.S.C. 924(c)(1) must be vacated because his conviction for second degree murder does not qualify as a "crime of violence" after *Borden v. United States*, 141 S. Ct. 1817 (2021).  Under *Jones*, Petitioner cannot avail himself of the savings clause.

Moreover, Petitioner's argument is foreclosed in the Ninth Circuit by *United States v. Begay*, 33 F.4th 1081 (9th Cir. 2022) (en banc).  The Ninth Circuit applied *Borden* and concluded that "a conviction for second-degree murder pursuant to § 1111(a) constitutes a crime of violence because murder is the unlawful killing of a human being with malice aforethought, *see* 18 U.S.C. § 1111(a), and to kill with malice aforethought means to kill either deliberately or recklessly with extreme disregard for human life."  *Id.* at 1093.  "A § 1111(a) conviction qualifies as a crime of violence because a defendant who acts with the requisite mens rea to commit second-degree murder necessarily employs force

'against the person or property of another,' and rather than acting with ordinary recklessness, the defendant acts with recklessness that rises to the level of extreme disregard for human life." *Id.* The court explained that, whereas criminal homicide constitutes manslaughter when it is committed recklessly, criminal homicide constitutes murder when "it is committed recklessly under circumstances manifesting *extreme indifference to the value of human life*." *Id.* at 1094 (citation omitted). "[S]econd-degree murder qualifies as a crime of violence pursuant to the elements clause of § 924(c)(3)." *Id.* at 1096. The Eighth Circuit has concluded that attempted second degree murder qualifies as a crime of violence. *See United States v. Matthews*, 25 F.4th 601, 603-04 (8th Cir. 2022).

**IV**

**ORDER**

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice based on lack of jurisdiction.

Dated: February 7, 2024

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE